```
Case 1:05-cv-08379-DFE   Document 67   Filed 05/17/07   Page 1 of 7
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/07

------------------------------------x
ANGELA CALAFIORE and JOSEPH CALAFIORE,

                        Plaintiffs,       05 Civ. 8379 (DFE)

    -against-                      This is an ECF case

ZONE ENTERPRISES OF NEW YORK, LLC,   OPINION AND ORDER
U.S. FOODSERVICE, INC., and
PRIMO NUMBER ONE IN PRODUCE, INC.,

                      Defendants.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

    On July 25, 2004, Angela Calafiore was eating with friends and relatives at a table at ESPN Zone, a restaurant owned and operated by defendant Zone Enterprises of New York, LLC ("Zone"). She and her husband claim that her tooth was injured when she bit down on a piece of tree bark that was inside her "wrap" of chicken, avocado, and salad greens. It appears that Zone purchased the salad greens from defendant U.S. Foodservice, Inc., which had purchased it from defendant Primo Number One in Produce, Inc.

    Originally filed in State court, this case was removed to our Court on the basis of diversity of citizenship. Pursuant to 28 U.S.C. § 636(c), the parties consented to have me handle all of the proceedings, including any trial and entry of judgment.

    On March 9, 2007, plaintiffs moved for summary judgment solely on the issue of liability against defendant Zone. On March 28, Zone filed an opposing memorandum of law. On April 2, 2007, plaintiffs filed a reply brief.

    For the reasons discussed below, I deny plaintiffs' motion for summary judgment.

## DISCUSSION

    Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment will be granted only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the burden of

-1-

demonstrating that there is no genuine issue concerning any material fact. All inferences and ambiguities will be resolved in favor of the non-moving party.

### A. Plaintiffs' failure to submit a Local Civil Rule 56.1 statement

Zone's threshold argument asserts that the motion should be denied because plaintiffs failed to include a Local Civil Rule 56.1 statement. Local Civil Rule 56.1(a) says:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Zone claims that it "cannot properly oppose this summary judgment application since it cannot respond *in numbered paragraphs*, to the material facts as to which the moving party contends there is no genuine issue to be tried." (Def. Memo. p. 4.) I disagree, for three reasons.

First. The Second Circuit has held:

> ... A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. Thus, we have previously indicated, and now hold, that while a court "is not required to consider what the parties fail to point out" in their Local Rule 56.1 statements, it may in its discretion opt to "conduct an assiduous review of the record" even where one of the parties has failed to file such a statement.

*Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal citations omitted). I have conducted a review of the record, and I find that I am able to rule on the motion without a separate 56.1 statement.

Second. Mr. Ginsberg's March 7, 2007 affirmation set out, in paragraphs numbered 2 through 9, the material facts that plaintiffs contend to be undisputed.

Third. Zone's memorandum, at page 3, responded to those

averred material facts, and set forth a concise statement of material facts as to which Zone contends that there exists a genuine issue to be tried. *See* Local Civil Rule 56.1(b).

### B. There is a genuine dispute about a material fact

Plaintiffs argue as follows. Their evidence shows that Ms. Calafiore bit into the piece of bark. Hence, Zone is liable to her "under the doctrine of strict liability in tort and implied warranty of fitness." (3/7/07 Ginsberg Aff. ¶ 9.) Plaintiffs submit excerpts from the depositions of Ms. Calafiore and Tamara Eckhardt, the waitress who served plaintiffs' table. Ms. Calafiore testified that she bit into the piece of bark. (8/9/06 Calafiore Tr. 17-19.) Ms. Eckhardt, on the other hand, did not say that she witnessed Ms. Calafiore bite into the bark. Instead, Ms. Eckhardt testified as follows. She came back to plaintiffs' table at the request of a man and a woman. The woman (who did not claim to be "the woman who bit down on the piece of bark") told Ms. Eckhardt that "the woman who had the Chicken Avocado wrap bit onto something and almost broke her tooth." (8/3/06 Eckhardt Tr. 7-8.) Ms. Eckhardt and her manager were then handed a plate containing the wrap and a piece of bark. In the kitchen, Zone's chef "picked up the piece of bark and said oh, it's a piece of bark from the Mesc[lun] mix. . ." (8/3/06 Eckhardt Tr. 10.)

Zone concedes that "there <u>was</u> a piece of bark presented by the Plaintiff at her dining table and that same was identified by the manager and chef of Zone Enterprises." (Def. Memo. p. 5.) However, Zone points out that no agent of Zone ever saw (or conceded) that "plaintiff did in fact bite down on and injure herself from a piece of bark found in the sandwich wrap." (Def. Memo. pp. 2, 5.) Hence Zone argues that there is a genuine dispute about a material fact.

Plaintiffs' moving brief cited only two cases, and their reply brief cited no additional cases. *England v. Sanford*, 167 A.D.2d 147, 561 N.Y.S.2d 228 (1st Dept. 1990), merely granted leave to amend the complaint "to add breach of warranty and strict products liability as additional theories." *Temple v. Keeler*, 238 N.Y. 344, 346 (Ct. App. 1924), merely declined to overturn a jury verdict after the jury apparently found that "Miss Temple enters a restaurant, orders a portion of fish which the jury might find was unwholesome, receives it, **eats it**, pays for it and later becomes ill." (Emphasis added.)

My law clerk conducted more thorough legal research, and

-3-

found the following cases.

*Vitiello v. Captain Bill's Restaurant*, 191 A.D.2d 429, 594 N.Y.S.2d 295 (2d Dept. 1993), granted summary judgment to a restaurant and wrote:

> ... The plaintiff asserted that she was injured when she ate fish containing a bone at the defendant restaurant. The "reasonable expectation" doctrine, as applied to an action to recover damages for common-law negligence, requires a restaurant owner to use ordinary care to remove from the food as served, such harmful substances as the consumer would not ordinarily anticipate (see, *Stark v. Chock Full O'Nuts*, 77 Misc. 2d 553, 356 N.Y.S.2d 403). However, despite the waitress's statement that the fish had been fileted, the injured plaintiff had no right to expect a perfect piece of fish. "Everyone ... knows that tiny bones may remain in even the best filets of fish" *(Yong Cha Hong v Marriott Corp.*, 656 F. Supp. 445, 449 [D.Md. 1987]).

*Rudloff v. Wendy's Restaurant of Rochester*, 12 Misc.3d 1081, 821 N.Y.S.2d 358 (Buffalo City Court 2006), denied a restaurant's motion for summary judgment. Judge David M. Manz wrote a scholarly review of New York law on strict products liability and on implied warranty of fitness. Near the end of his opinion, he wrote:

> Therefore, with all of the above factors to consider, it is the holding of this court that when a consumer is injured by an object in a piece of food, whether its origin is foreign, natural or unknown, the question of whether that food has been rendered unfit for consumption (i.e., should a consumer have reasonably expected the object to be in the food), except in the rarest of cases, should not be decided as a matter of law. These are all proper considerations for a jury, not a judge. *Pronti v. DML of Elmira*, 103 A.D.2d 916, 917, 478 N.Y.S.2d 156 (3rd Dept., 1984).

*Rudloff*, 12 Misc.3d at 1094, 821 N.Y.S.2d at 369.

In *Davila v. Goya Foods, Inc.*, 2007 WL 415147 (S.D.N.Y. Feb. 7, 2007), Magistrate Judge Dolinger granted partial summary judgment to a food distributor. Among other things, the opinion, at *3, cited and quoted from the high court of New York:

> ... It is well-settled that if plaintiff cannot

-4-

demonstrate some resultant injury, he cannot prevail. *See, e.g., Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 470-71, 261 N.Y.S.2d 8, 30 (1965) (noting that an actionable product liability tort "consists of three elements: defective manufacture, distribution to purchaser, and a resulting injury"); ....

My law clerk found only two cases tending to support summary judgment against a restaurant. Upon analysis, however, they do not justify summary judgment in the case at bar.

In *Belinsky v. Twentieth Restaurant, Inc.*, 207 F.Supp. 412, 413 (S.D.N.Y. 1962), Judge Croake granted summary judgment as to liability. I am not satisfied that *Belinsky* is good law. In any event, based on Judge Croake's short opinion, the facts seem to be distinguishable from our case. That restaurant's manager submitted an affidavit admitting that he talked to Belinsky. Apparently the manager's affidavit did not controvert Belinsky's affidavit that he was bleeding at the time he showed particles of glass to the manager. (*Id.* at 413.) By contrast, I do not see evidence that Ms. Calafiore was bleeding or exhibiting any obvious sign of injury, let alone any admission that a Zone employee observed any such sign.

In *Stark v. Chock Full O'Nuts*, 77 Misc.2d 553, 356 N.Y.S.2d 403 (App. Term, 1st Dep't 1974):

> ... [T]he plaintiff testified that her tooth was injured when she bit into a 'nutted cheese' sandwich that contained a large, hard walnut shell, which shell she immediately turned over to defendant.
>
>     *   *   *
> ... [T]he witness called by the defendant confirmed plaintiff's version.

During the trial, the judge directed a verdict for plaintiff as to liability, and the jury returned a verdict of $575. On appeal, all three judges agreed that it was error to direct a verdict of liability, although two of the judges held that "[t]he error did not result in prejudice to the defendant and may be disregarded." (77 Misc.2d at 555, 356 N.Y.S.2d at 405.)

> ... [N]ormally the recognized rule is that the credibility of interested witnesses, even though their testimony be uncontroverted, when contradiction is impossible and its truthfulness or accuracy is

>       open to a reasonable doubt, is exclusively for
>       the jury (Mercatante v. City of New York, 286
>       App.Div. 265, 268, 142 N.Y.S.2d 473, 476
>       (1st Dept. 1955)).

*Stark*, 77 Misc.2d at 554, 356 N.Y.S.2d at 405.

### CONCLUSION

Zone is entitled to cross-examine Ms. Calafiore and her witnesses as to whether she actually bit into the bark, and whether she suffered "a resulting injury." Zone and the other defendants, if they so desire, are entitled to require plaintiff to prove, to a jury's satisfaction, that the bark rendered the food unfit for consumption.

Accordingly, I deny plaintiffs' motion for summary judgment. I direct all three attorneys to place a conference call to me as soon as possible to set firm dates for (a) an abbreviated joint pre-trial order, and (b) a jury trial.

                                         */s/ Douglas F. Eaton*
                                   DOUGLAS F. EATON
                                   United States Magistrate Judge
                                   500 Pearl Street, Room 1360
                                   New York, New York 10007
                                   Telephone: (212) 805-6175
                                   Fax: (212) 805-6181

Dated:    New York, New York
             May 17, 2007

Copies of this Opinion and Order are being sent by electronic filing to:

Robert M. Ginsberg, Esq.
Ginsberg & Broome, P.C.
Email: rginsberg@gblaw.ws
(Attorneys for Plaintiffs)

Paul Solda, Esq.
The Law Offices of Paul Solda
Email: soldaesquire@earthlink.net
(Attorneys for Zone Enterprises of New York, LLC)

Andrew A. Arcuri, Esq.
Kelly, Luglio & Arcuri, LLP
Email: klaesq@aol.com
(Attorneys for U.S. Foodservice, Inc. and Primo Number One In Produce, Inc.)